# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>Defendants. | Case No. 1:17-cv-01126-SKO (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE** |

Plaintiff, Sedric Eugene Johnson, a state prisoner is proceeding *pro se* and *in forma pauperis* in this action under to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

///

In the form complaint, Plaintiff checked the box indicating that administrative remedies are available at the institution. (Doc. 1, p. 3.) He also checked the boxes indicating that he did not submit a request for administrative relief on any of his claims, as well as the boxes indicating that he did not appeal his request for relief--on any of his claims--to the highest level. (*Id.*) As an explanation, Plaintiff wrote "Due to it being a simple offence made against me in which I was disciplined interdepartment (sic) I felt it (sic) was no need to correct their argument when it was quite obvious whom was at fault and in a failure (sic) to do their job however, in other routes afforded, I have reached out to the numerous different state appointed agencies in the (sic) bringing to their attention." (*Id.*) This is an insufficient explanation for not having filed an inmate appeal or grievance at the institution and not having appealed it to the highest level. It, therefore, appears that Plaintiff filed suit prematurely, without first having exhausted available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. The Clerk of the Court is directed to assign a district judge to this action.

**Plaintiff is warned that failure to timely respond to this order will result in recommendation of dismissal without prejudice for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **November 14, 2017**         /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE